Filed: 6/19/2015 10:54:46 AM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Pam English Deputy
Envelope ID: 5745056

NO. 416-02475-2015

| | | |
|---|---|---|
| JIAN CHEN, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| VS. | § § | |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND CHRISTOPHER JAMES BUCHANAN, | § § § § | COLLIN COUNTY, TEXAS |
| Defendants. | § § | _____ DISTRICT COURT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jian Chen ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Metropolitan Lloyds Insurance Company of Texas ("Metropolitan"), and Christopher James Buchanan ("Buchanan") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

**PARTIES**

2. Plaintiff, Jian Chen, resides in Collin County, Texas.

3. Defendant, Metropolitan Lloyds Insurance Company of Texas, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Metropolitan Lloyds Insurance Company of Texas through its registered agent for service, **CT Corporation System, 1999 Bryan Street, Suite 900,**

**Dallas, Texas, 75201-3136**. Plaintiff requests service at this time.

4. Defendant, Christopher James Buchanan, is an individual resident of Mansfield, Texas. Plaintiff requests service of citation upon Christopher James Buchanan at the address listed with the Texas Department of Insurance: **3410 Lake Creek Trail, Mansfield, Texas, 76063-5494**. Plaintiff requests service at this time.

## JURISDICTION

5. The Court has jurisdiction over Metropolitan Lloyds Insurance Company of Texas because Metropolitan engages in the business of insurance in the State of Texas, and the causes of action arise out of Metropolitan's business activities in the state, including those in Collin County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Christopher James Buchanan because he engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of his business activities in the State of Texas, including those in Collin County, Texas, with reference to this specific case.

## VENUE

7. Venue is proper in Collin County, Texas, because the insured property is located in Collin County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Collin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

2

9. Plaintiff owns a Metropolitan Lloyds Insurance Company of Texas homeowner's insurance policy, number 7323701050 ("the Policy"), which was issued by Metropolitan. At all relevant times, Plaintiff owned the insured premises located at 3404 Leigh Court, Plano, Texas, 75025-2210 ("the Property").

10. Metropolitan or its agent sold the Policy, insuring the Property, to Plaintiff. Metropolitan represented to Plaintiff that the Policy included hail and windstorm coverage for damage to Plaintiff's home.

11. On or about March 28, 2014, the Property sustained extensive damage resulting from a severe storm that passed through the Plano, Texas, area.

12. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Metropolitan against the Policy for damage to the Property. Metropolitan assigned claim number JDE61572 to Plaintiff's claim.

13. Plaintiff asked Metropolitan to cover the cost of damage to the Property pursuant to the Policy.

14. Metropolitan hired or assigned Buchanan to inspect and adjust the claim. Buchanan conducted an inspection on September 3, 2014. Buchanan's inspection generated an estimate of damages that included replacing turbine vents, gas vent caps, and a power vent cover, totaling $1,127.09 in estimated damages. Buchanan stated that there was no hail storm damage to roof shingles, that shingle damage was "wear and tear." Buchanan further stated that "inspection of the interior revealed no water damage to any rooms." The final damage estimate generated by Buchanan was less than the policy deductible, leaving Plaintiff without adequate recovery to complete proper repairs on his home.

3

15. Metropolitan, through its agent, Buchanan, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16. Metropolitan has ultimately refused any additional coverage which includes, but is not limited to, replacement of the roof and interior walls in a manner that complies with Collin County building codes. The damage to Plaintiff's Property is currently estimated at $53,608.30.

17. As stated above, Defendants improperly adjusted Plaintiff's claim. Without limitation, Defendants misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

18. Defendants made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Buchanan.

19. Plaintiff relied on Defendants' misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property.

20. Upon receipt of the inspection report from Buchanan, Metropolitan failed to assess the

4

claim thoroughly. Based upon Metropolitan's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Metropolitan failed to provide coverage due under the Policy, and Plaintiff suffered damages.

21. Because Metropolitan failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

22. Metropolitan failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Metropolitan refused to pay any additional proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

23. Metropolitan's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Metropolitan and Plaintiff.

24. Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Metropolitan has failed to settle Plaintiff's claim in a fair manner, although Metropolitan was aware of their liability to Plaintiff under the Policy. Specifically, Metropolitan has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

5

25. Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Metropolitan failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

26. Additionally, after Metropolitan received statutory demand on October 2, 2014, Metropolitan has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

27. Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Metropolitan refused to provide coverage to Plaintiff under the Policy due to Defendants' failure to conduct a reasonable investigation.

28. Specifically, Metropolitan, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

29. Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Metropolitan failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

30. Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Metropolitan failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Metropolitan has delayed full payment of Plaintiff's claim longer than

allowed, and Plaintiff has not received payment.

31. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firms representing his with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

### BREACH OF CONTRACT

32. Metropolitan is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Metropolitan and Plaintiff.

33. Metropolitan's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Metropolitan's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34. Metropolitan's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

35. Metropolitan's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

7

36. Metropolitan's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Metropolitan's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Metropolitan's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Metropolitan's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
THE PROMPT PAYMENT OF CLAIMS**

39. Metropolitan's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

40. Metropolitan's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

8

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

41. Metropolitan's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

42. Metropolitan's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Metropolitan knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**DTPA VIOLATIONS**

43. Metropolitan's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Metropolitan pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Metropolitan. Specifically, Metropolitan's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Metropolitan has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Metropolitan's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

9

B. Metropolitan represented to Plaintiff that the Policy and Metropolitan's adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Metropolitan represented to Plaintiff that Metropolitan's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Metropolitan advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Metropolitan breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F. Metropolitan's actions are unconscionable in that Metropolitan took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Metropolitan's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G. Metropolitan's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

44. Each of the above-described acts, omissions, and failures of Metropolitan is a producing cause of Plaintiff's damages. All of Metropolitan's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

45. Metropolitan is liable to Plaintiff for common law fraud.

46. Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as he did, and Metropolitan knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

47. Metropolitan made these statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT CHRISTOPHER JAMES BUCHANAN

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48. Buchanan's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

49. Buchanan is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Metropolitan, because Buchanan is a "person" as defined by TEX. INS. CODE §541.002(2).

50. Buchanan knowingly underestimated the amount of damage to the Property. As such, Buchanan failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

51. Furthermore, Buchanan did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

11

52. Buchanan's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

53. Buchanan's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

### DTPA VIOLATIONS

54. Buchanan's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Buchanan pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Buchanan. Specifically, Buchanan's violations of the DTPA include the following matters:

   A. By his acts, omissions, failures, and conduct, Buchanan has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Buchanan's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

   B. Buchanan represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which

12

gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Buchanan represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Buchanan's actions are unconscionable in that Buchanan took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Buchanan's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E. Buchanan's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

55. Each of Buchanan's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Buchanan, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

**KNOWLEDGE**

56. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

13

## WAIVER AND ESTOPPEL

57. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

58. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

59. Plaintiff currently estimates that actual damages to the Property under the Policy are $53,608.30.

60. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

61. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, consequential damages, together with attorney's fees.

62. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional

14

conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

63. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

64. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Metropolitan owed, exemplary damages, and damages for emotional distress.

65. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

66. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

67. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

68. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

69. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

70. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Collin County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Metropolitan Lloyds Insurance Company of Texas and Christopher James Buchanan, be cited and served to appear, and that upon trial hereof, Plaintiff, Jian Chen, recovers from Defendants, Metropolitan Lloyds Insurance Company of Texas and Christopher James Buchanan, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

*/s/ David P. Wilson*

PROVOST UMPHREY LAW FIRM LLP

David P. Wilson
Bar No. 21672700
DWilson@pulf.com
Ryan M. Schaper
Bar No. 24068814
RSchaper@pulf.com
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000
Facsimile: (409) 838-8888

CHAD T WILSON LAW FIRM PLLC

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Christian E. Hawkins
Bar No. 24092499
CHawkins@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF