**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JIAN CHEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 4:15-cv-00501-RC-DBB** |
| | § | |
| **METROPOLITAN LLOYDS INSURANCE** | § | |
| **COMPANY OF TEXAS and** | § | |
| **CHRISTOPHER JAMES BUCHANAN,** | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Plaintiff's Motion to Abstain and Remand (Dkt. 9). Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") filed a notice of removal on July 24, 2015 on the basis of diversity jurisdiction (Dkt. 1) asserting that Defendant Christopher James Buchanan ("Buchanan") was improperly joined. Plaintiff filed a motion to remand (Dkt. 9) on September 3, 2015, and Metropolitan has filed a response in opposition (Dkt. 10). Having reviewed the motion, the response, and the applicable authorities, the Court finds that Plaintiff's motion (Dkt. 9) should be **GRANTED**.

This case relates to an insurance claim for storm-related damages to Plaintiff's property located in Plano, Texas (the "Property"). Plaintiff alleges that Metropolitan has not provided coverage sufficient to complete necessary repairs on the Property. Dkt. 1-3 at ¶¶ 13-16. Buchanan was the adjustor assigned to Plaintiff's claim. *Id.*

### STANDARD

Metropolitan removed this case on the basis of diversity jurisdiction. Suits are removed on the basis of diversity jurisdiction when: (1) the suit involves a controversy between citizens of

1

different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Metropolitan contends that Buchanan, a Texas citizen, was improperly joined in the litigation. Suits are removed on the basis of diversity jurisdiction "only if none of the parties in interest is *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

"To establish that a non-diverse defendant has been improperly joined, the removing party must prove (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiffs' inability to establish a cause of action against the non-diverse party in state court." *Rico v. Flores*, 481 F.3d 234, 238-39 (5th Cir. 2007); *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006). The second prong only is at issue here, and its test is "'whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Rico*, 481 F.3d at 239. This Court must decide whether "there is any reasonable basis for predicting that [Plaintiffs] might be able to establish [Defendants'] liability on the pleaded claims in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In making that determination, the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Id.* The court is also required to resolve any issues of material fact or ambiguity in the state law in the plaintiffs' favor. *Rico*, 481 F.3d at 239.

As explained by the Fifth Circuit:

> To determine such possibility of state-court recovery, a court may analyze the sufficiency of a plaintiff's pleadings alone; or, in its discretion, pierce the pleadings and conduct a summary inquiry. The focus is on plaintiff's pleadings at the time of removal; post-removal filings may be considered only to the extent they amplify or clarify facts alleged in the state-court complaint, with new claims or theories of recovery disregarded.

*Akerblom v. Ezra Holdings Ltd.*, 509 Fed. App'x 340, 344-45 (5th Cir. 2013) (internal citations and quotations omitted). The petition as filed in state court controls a court's inquiry. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999) (stating that the court must determine if there could possibly be liability "on the pleaded claims in state court."). The party claiming fraudulent joinder bears a "heavy burden" of persuasion. *See Smallwood*, 385 F.3d 568 at 574.

## ANALYSIS

Metropolitan's notice of removal claims that Buchanan was improperly joined, and, therefore, his citizenship should be disregarded for purposes of diversity. Dkt. 1 at ¶ 2.1. The Court thus reviews the state court petition (Dkt. 1-3) for the claims made against Buchanan to determine if there is a reasonable basis upon which it could predict that Chen will recover against Buchanan under Texas law.

The first issue before the Court is which pleading standard to apply to its examination of Plaintiff's state court petition. Citing *Edwea, Inc. v. Allstate Ins. Co.*, 2010 WL 5099607 (S.D. Tex. 2010), Plaintiff asserts that because his petition states factual allegations against Buchanan, as well as "allegations [] that track the statutory language," this is sufficient to state a potentially valid cause of action against Buchanan. *See* Dkt. 9 at 4-5. The Court notes that *Edwea* was decided under the Texas "fair notice" pleading standard, rather than the more stringent federal pleading standard. *Id*. at *6. Metropolitan argues that the more stringent federal standard

should be applied and directs the Court's attention to Texas Rule of Civil Procedure 91a, which Metropolitan asserts is analogous to Federal Rule 12(b)(6). Dkt. 10 at 4-5; *See GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App. 2014), review denied (Nov. 21, 2014); *See also Linron Properties, Ltd. v. Wausau Underwriters Ins. Co.*, 2015 WL 3755071, at *2-3 (N.D. Tex. 2015) ("While not identical to the Rule 12(b)(6) standard, the Texas Courts of Appeals have interpreted as essentially calling for a Rule 12(b)(6)-type analysis and have relied on the 12(b)(6) case law in applying Rule 91a.").

The extent to which Texas Rule 91a and Federal Rule 12(b)(6) are analogous has not been decided by the Fifth Circuit. Nor has the Fifth Circuit decided the issue of whether the federal or state pleading standard applies in cases such as this. *See, e.g.*, *New Life Assembly of God of City of Pampa, Tex. v. Church Mut. Ins. Co.*, 2015 WL 2234890, at *4-5 (N.D. Tex. 2015); *Bart Turner & Assocs. v. Krenke*, 2014 WL 1315896, at *3 (N.D.Tex. 2014). Eastern District courts have consistently held that the federal pleading standard applies to analyzing improper joinder. *Simmons v. Northfield Ins. Co.*, 2015 WL 5162369, at *2 (E.D. Tex. 2015); *See also Doucet v. State Farm Fire and Cas. Co.*, 2009 WL 3157478, at *5 (E.D.Tex. 2009); *First Baptist Church of Mauriceville, Tex. v. Guideone Mut. Ins. Co.*, 2008 WL 4533729, at *4 (E.D.Tex. 2008); *King v. Provident Life and Accident Ins. Co.*, 2010 WL 2730890, at *4 (E.D. Tex. 2010). Therefore, this Court will follow the Eastern District pattern and apply the federal pleading standard.

Plaintiff's claims against Buchanan are for violations of the Texas Insurance Code and the Texas Deceptive Trade Practice Act (the "DTPA"). *See* Dkt. 1-3 at ¶¶ 48-55. The Texas Insurance Code permits any person "who sustains actual damages" to bring an action "against another person for those damages caused by the other person engaging in ... an unfair or

deceptive act or practice in the business of insurance." *Esteban v. State Farm Lloyds*, 23 F. Supp. 3d 723, 728-29 (N.D.Tex. 2014); TEX. INS. CODE ANN. § 541.151. "An unfair or deceptive act or practice in the business of insurance" includes engaging in "unfair settlement practices with respect to a claim by an insured," which, in turn, includes (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear; or ...(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." *Esteban*, 23 F. Supp. 3d at 728-29 (internal quotations omitted); TEX. INS. CODE ANN. § 541.060(a). There is no dispute in this case that an insurance adjuster, like Buchanan, may be held liable for deceptive or misleading acts in violation of the Texas Insurance Code and the DTPA. See *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, at *4 (S.D.Tex. 2011). Rather, the issue presented is whether Plaintiff has alleged sufficient facts to support a reasonable basis to predict recovery against Buchanan.

The Court must determine whether Chen's pleadings allege actionable facts specific to Buchanan. *See Griggs*, 181 F.3d at 699. It is a party's individual acts that expose him to liability under the Texas Insurance Code. *Esteban*, 23 F. Supp. 3d at 729 (citing *Garrison*, 966 S.W.2d at 486). The Court must, therefore, determine whether Plaintiff has set forth "specific actionable conduct" to support his claim against Buchanan. *King v. Provident Life & Acc. Ins. Co.*, 2010 WL 2730890, at *1 (E.D. Tex. 2010) report and recommendation adopted, (citing *Griggs*, 181 F.3d at 699). "Whether the plaintiff has stated a valid state law cause of action

depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Id.* (quoting *Griggs*, 181 F.3d at 701). This means that the state-court petition must allege facts sufficient to establish the essential elements of each asserted cause of action. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994); *Chemtreat, Inc. v. Chemtech Chem. Servs., LLC*, 2007 WL 4353420, at *5 (E.D.Tex. 2007); *Omda Oil and Gas, Inc. v. Young Oil, Corp.*, 2006 WL 1343640, at *2 (N.D.Tex. 2006). Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant. *See Griggs*, 181 F.3d at 699. Furthermore, merely asserting a laundry list of statutory violations without factual support as to how a non-diverse defendant violated the statute will not suffice. *Doucet*, 2009 WL 3157478, at *5. However, the joinder of an in-state, non-diverse defendant is proper as long as the plaintiff's petition contains factual allegations sufficient to render one of the statutory claims plausible. *Escuadra v. Geovera Specialty Ins. Co.*, 739 F.Supp.2d 967, 985 (E.D.Tex.2010).

Plaintiff makes the following factual allegations specific to Buchanan:

A) He was hired or assigned by Metropolitan to inspect and adjust the claim;

B) His inspection generated an estimate of damages that included "replacing turbine vents, gas vent caps, and a power vent cover," totaling $1,127.09 in estimated damages, an amount less than the policy deductible;

C) He stated that there was no hail storm damage to roof shingles, that shingle damage was "wear and tear," and that "inspection of the interior revealed no water damage to any rooms;" and

D) He conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

*See* Dkt. 1-3 at ¶¶ 14-15.

Plaintiff further alleges that Buchanan violated various provisions of § 541.060, including §§ 541.060(a)(2)(A) and 541.060(a)(3), and § 542.003, by knowingly underestimating the amount of damage to the Property, failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy for underpayment of the claim and failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims. *Id*. at 50-53. Plaintiff alleges that damage to the Property is currently estimated at $53,608.30, an amount substantially above the amount established by Buchanan's inspection. *Id*. at ¶ 16.

Having reviewed Plaintiff's allegations, the Court finds them sufficient to support a claim against Buchanan in his individual capacity for violation of the Texas Insurance Code. Further buttressing Plaintiff's claims that Buchanan's inspection was "substandard and improper," the Court observes that in Defendant's Motion to Sever and Abate currently before this Court (Dkt. 21), Metropolitan acknowledges a number of "re-inspections" of the Property by different inspectors with different findings than those determined by Buchanan. Because Metropolitan has not met its "heavy burden," the Court cannot find that there is no reasonable possibility of recovery against Buchanan. *Smallwood*, 385 F.3d 568 at 574.

While Chen also asserts a DTPA claim against Buchanan, the Court does not need to rule on the sufficiency of that claim because it has already concluded that Chen has stated a valid claim against Buchanan under the Texas Insurance Code. *See Escuadra*, 739 F.Supp.2d at 985; *Gray v. Beverly Enterprises–Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir.2004) (finding that the

existence of even a single valid cause of action against in-state defendants requires remand of the entire case to state court)).

## CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's Motion to Remand (Dkt. 9) be **GRANTED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 15th day of February, 2016.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE